UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAWRENCE SMITH, | : | |
|     Petitioner, | : | |
| | : | PRISONER |
| v. | : | CASE NO. 3:14-cv-916(SRU) |
| | : | |
| COMM'R OF CORRECTIONS, | : | |
|     Respondent. | : | |

**RULING ON PENDING MOTIONS**

Pending before the Court are the petitioner's motions to rescind extension of time and to rule on requested relief, motion to have responses sent electronically to respondent, motion for judgment and motion to expand the record. For the reasons set forth below, the motions are denied.

**I.     Motion to Have Responses Sent Electronically to Respondent [Doc. No. 23]**

The petitioner asks the Court to forward his motions and responses to motions to the respondent by electronic means. On July 24, 2015, the Court entered a Standing Order on Prisoner Electronic Filing Program and an Electronic Filing Order. *See* Standing Order, Doc. No. 24; Electronic Filing Order, Doc. No. 25. The Electronic Filing Order directs all parties to file documents electronically. *See* Electronic Filing Order at 1.

The Standing Order provides that the electronic filing program is applicable to civil cases, including habeas petitions brought by inmates who are currently confined in a Connecticut prison facility participating in the program. *See* Standing Order at 1. The Standing Order further provides that upon receipt of any documents or motions that have been electronically emailed to the Court by a prisoner, the Court will e-file the documents. *See* Standing Order at 2. "[T]he Notice of Electronic Filing ("NEF") generated by the Court's electronic case filing system [upon the filing of the document or motion,] will constitute service upon and notice to other parties who are registered in the Court's electronic case filing system." *Id.* Thus, if the petitioner files a document with the Court

electronically, he is not responsible for sending a copy of the document, motion or response to counsel for the respondent. Accordingly, the petitioner's motion is denied as moot.

## II.     Motion to Rescind Extension of Time and Rule on Requested Relief [Doc. No. 22]

On February 9, 2015, the Court denied the petitioner's application to proceed *in forma pauperis* and ordered him to pay the filing fee within thirty days. *See* Order, Doc. No. 18. Thus, the filing fee was due by March 11, 2015. On March 13, 2015, the petitioner filed a motion for extension of time to submit the filing fee. *See* Mot. Ext. Time, Doc. No. 19. On March 12, 2015, the filing fee was received by the Court. Receipt of the filing fee, however, was not entered on the docket until March 20, 2015. *See* Filing Fee Receipt, Mar. 12, 2015. On March 19, 2015, the Court granted the petitioner's motion for extension of time to pay the filing fee. *See* Order, Doc. No. 20.

### A.     Extension of Time to Submit Filing Fee

The petitioner seeks to vacate the order granting him an extension of time to pay the filing fee in this action because he had already submitted the filing fee at the time of the order. The filing fee was not received by the Court within the time specified in the Court's February 9, 2015 Order denying his application to proceed *in forma pauperis*. Thus, an extension of time was required to make the filing of the fee timely. Furthermore, the Court was not aware that the filing fee had been submitted at the time it ruled on the motion for extension of time on March 19, 2015, because the clerk did not docket the receipt of the fee until March 20, 2015. For all of these reasons, the Court did not err in granting the motion for extension of time. The motion to rescind the order is denied.

### B.     Ruling on Requested Relief

The petitioner seeks to have the Court rule on all relief to which he may be entitled under Rules 4, 5, 6, 7, and 8 of the Rules Governing Section 2254 Cases in the United States District

2

Courts. He seeks expedited rulings on these requests for relief and states that the delays by the State of Connecticut in litigating this action have caused him to develop a severe tooth abscess. He would prefer to have his dental issues addressed by a dentist outside of the Department of Correction after the Court grants his habeas petition.

In the habeas petition pending before the Court, the petitioner challenges a 2006 Connecticut conviction on one count of murder, one count of felony murder, one count of conspiracy to commit murder, one count of conspiracy to commit robbery and one count of hindering prosecution. He argues that: (1) the trial judge's denial of the motion to dismiss the charges against him violated his right to speedy trial; (2) the trial judge violated his rights under the Confrontation Clause of the Sixth Amendment when he permitted the prosecution to introduce a tape-recorded conversation between one of his alleged co-conspirators and his co-conspirator's cellmate; and (3) trial counsel was ineffective in failing to offer evidence at trial regarding the effects of muriatic acid on human body parts and by improperly advising him not to testify during trial. The Court will address these claims in a separate ruling.

The petitioner mentions that under Rules 6 and 7 of the Rules Governing Section 2254 Cases, a district judge may permit parties to conduct discovery if good cause is shown and may direct parties to expand the record. He asks the Court to examine the prosecutor's file in connection with his state criminal action with regard to any knowledge by the prosecutor as to the effects of muriatic acid on a human body. The prosecutor's knowledge of the effects of muriatic acid is not a claim in this case. The petitioner has set forth no basis to support his request to conduct discovery or to expand the record.

Pursuant to Rule 8 of the Rules Governing Section 2254 Cases, the petitioner requests an expedited determination whether he is entitled to an evidentiary hearing. When reviewing a habeas petition, the district court presumes that the factual determinations of the state court are correct unless the petitioner can rebut this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "If the applicant has failed to develop the factual basis of a claim in State court proceedings," the district court is prohibited from conducting an evidentiary hearing unless the petitioner demonstrates that "(A) the claim relies on (i) a new rule of constitutional law" or "(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence" and "(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). A "failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 362, 432 (2000).

The petitioner offers no facts to support his request that an evidentiary hearing be held in this matter. Nor does he assert any facts to meet the requirements of 28 U.S.C. § 2254(e).

For the reasons set forth above, the petitioner's motion seeking to vacate the order granting the motion for extension of time and to expedite his requests to be permitted to expand the record, conduct discovery and for an evidentiary hearing is denied. Thus, the motion is denied in all respects.

**III.    Motion to Expand the Record [Doc. No. 27]**

The petitioner seeks to expand the record pursuant to the Rules Governing Section 2254 Cases in the United States District Courts. Rule 7 provides that if the petition for writ of habeas corpus is not dismissed, a district "judge may direct the parties to expand the record by submitting

4

additional materials relating to the petition." As indicated above, the Court has not determined that additional materials are necessary. Thus, the petitioner's reliance on Rule 7 is misplaced.

The petitioner mentions a discrepancy in the Respondent's Memorandum in Opposition to the Petition for Writ of Habeas Corpus, Doc. No 14, filed in this action, regarding the description of the initial criminal offenses with which he was charged in 2001 and omissions in the transcript of the prosecutor's closing argument during his state criminal trial in 2006. He also refers to evidence regarding a 911 call made after a neighbor allegedly heard gunshots near his residence at the time the victim was shot that has allegedly vanished. The petitioner offers to "take a lie detector test against the Meriden Homicide Detectives and James Clark Quid pro quo." Mot. Expand Record at 4.

Attached to the motion is a written statement by the petitioner that he claims was originally filed in his state habeas petition in September 2008. The statement includes his version of what happened during the time period when the victim was allegedly murdered and concealed in the woods. None of these statements or contentions provides support to expand the record with regard to the claims raised in the habeas petition. Thus, the motion to expand the record is denied.

## IV.    Motion for Judgment [Doc. No. 26]

The petitioner claims that he filed a motion to dismiss on speedy trial grounds in his state criminal case in May 2005. The petitioner contends that he is entitled to judgment as a matter of law on his speedy trial claim pursuant to Rule 50, Fed. R. Civ. P. The Federal Rule of Civil Procedure are not applicable to the filing or disposition of the motion to dismiss in his state criminal action.

The petitioner also includes several paragraphs regarding testimony and closing arguments at his state criminal trial in 2006 regarding the issue of acid that was allegedly used by him to dissolve the body parts of the victim. It is unclear why the petitioner includes this information in his motion

5

for judgment. The petitioner has raised a claim regarding the introduction of information about muriatic acid at trial in one of the grounds of his federal habeas petition. The Court will address that ground when it rules on the petition for writ of habeas corpus in a separate ruling. The motion for judgment is denied.

## Conclusion

The Motion to Rescind Extension of Time and to Rule on Requested Relief [**Doc. No. 22**], the Motion for Judgment [**Doc. No. 26**] and the Motion to Expand the Record [**Doc. no. 27**] are **DENIED**. The Motion to Have Responses and Motions Sent Electronically [**Doc No. 23**] is **DENIED** as moot.

SO ORDERED at Bridgeport, Connecticut this 21st day of March 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge